IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-393-BO

| | |
|---|---|
| TEMESGEN TESHOME ABDISSA,<br>Plaintiff,<br>v.<br><br>MERCK CORPORATE,<br>Defendant. | )<br>)<br>) **O R D E R**<br>)<br>)<br>)<br>) |

This matter comes before the Court on defendant's motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), [DE 21], and plaintiff's motion for disqualification of Judge Terrence W. Boyle and re-hearing by another judge, [DE 36]. For the reasons discussed below, defendant's motion is granted and plaintiff's motion is denied.

## BACKGROUND

Plaintiff identifies as an Ethiopian male and United States citizen. He has a Master of Science (MS) degree, and was employed by Spectraforce Technologies, Inc., as a contractor in June 2013. Through Spectraforce, plaintiff was assigned to work for defendant at its Durham, North Carolina, site. Plaintiff states that he was discharged from this position in June 2014. Consequently, plaintiff filed the instant suit *pro se* alleging claims of discrimination based on place of origin, defamation, and retaliation.

Plaintiff alleges several forms of discrimination. He claims other workers were trained and employed in multiple subdivisions of the department while he remained in the same subdivision, despite being the only one with an advanced degree. Plaintiff also claims mistreatment by his peers. The crux of plaintiff's claims, however, seems to have been precipitated by the death of his father in Ethiopia. Following this event, plaintiff traveled to

Ethiopia to see his siblings. He attempted to obtain Family and Medical Leave Act (FMLA) leave without pay for the trip, but his supervisor, LaDonna Joseph, did not permit it. Plaintiff believes Joseph saw the leave as an opportunity to exclude plaintiff because of his national origin.

Plaintiff alleges several problems upon his return from Ethiopia. First, Joseph informed him upon his return that his new supervisors said he could not return to work; plaintiff claims this was a lie. Second, his manager at the employment agency also informed him he could not return to work without providing other feedback. Third, plaintiff claims his other former manager, Matt Connolly, falsely told him that law enforcement had come looking for plaintiff. Fourth, plaintiff claims the employment agency would not refer him for jobs with defendant because defendant had instructed them not to. Fifth, plaintiff believes he did not receive another job after the person interviewing him spoke to Joseph. Sixth, plaintiff contacted his former corporate learning specialist, Pat Smith, who referred plaintiff to another hiring manager in another department. That hiring manager never contacted plaintiff. When plaintiff asked Smith why that might be, Smith responded that maybe the new hiring manager had spoken to Joseph, and plaintiff believes that this led to discrimination because of his national origin. Seventh, his application for permanent employment with defendant was rejected despite passing an online assessment test. Finally, plaintiff states he has applied for thousands of jobs and interviewed for more than one hundred jobs since September 2014 and has received no job offers, which he believes is due to defendant.

## DISCUSSION

An entity can be held liable in a Title VII action only if it is an "employer" of the complainant. It is undisputed that plaintiff was employed by Spectraforce Technologies as a

2

contractor and assigned to work for defendant on a temporary basis. The Fourth Circuit has determined that two parties can be considered joint employers and that therefore both can be found liable under Title VII, provided they "share or co-determine those matters governing the essential terms and conditions of employment." *Butler v. Drive Auto. Indus. of Am.*, 793 F.3d 404, 408 (4th Cir. 2015) (quoting *Bristol v. Bd. of Cnty. Comm'rs*, 312 F.3d 1213, 1218 (10th Cir.2002) (en banc)). "The basis for the finding that two companies are 'joint employers' is that 'one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer.'" *Id.* (quoting *Torres-Negrón v. Merck & Co.*, 488 F.3d 34, 40 n. 6 (1st Cir.2007)). While plaintiff's complaint did not clearly articulate the scope of his working relationship with defendant *vis a vis* Spectraforce, the Court, giving plaintiff's *pro se* complaint the liberal reading it is due, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the Court finds that plaintiff has pled facts sufficient to find that defendant was his employer for purposes of Title VII.

I. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

3
Case 5:15-cv-00393-BO Document 38 Filed 01/06/17 Page 3 of 9

Title VII of the Civil Rights Act of 1964 governs employment discrimination. "Before a Title VII plaintiff can bring a formal suit, he must file an administrative charge with the Equal Employment Opportunity Commission (EEOC)" and "[t]his charge frames the scope of future litigation." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). Indeed, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996); *see also Harrison v. S.C. Dep't of Mental Health*, 2015 U.S. App. LEXIS 11656, *19 (4th Cir. S.C. 2015) (characterizing these standards as construing EEOC charges liberally). Specifically, "a plaintiff fails to exhaust his administrative remedies where, as here, his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." *Chacko*, 429 F.3d at 506.

Here, plaintiff's EEOC charge contained a fairly narrow complaint which, in its entirety, read:

> On or about May 10th, 2015, I submitted my resume through Pat Smith, Learning Specialist of Merck for a Production Technician position. On or about May 20th, 2015, I contacted Ms. Smith and asked her for an update on my resume. I received a response from Ms. Smith on May 20th, 2015 that she had forwarded my resume to Scott Scoury, Manager. However, Mr. Scoury did not respond because "maybe" Mr. Scoury contacted my former managers and received negative information. I believe I was discriminated against on the basis of my National Origin, Ethiopian, in violation of Title VII of the Civil Rights Act of 1964 as amended.

[DE 22-1].[1] This charge was filed June 19, 2015.

---

[1] The Court may consider plaintiff's EEOC Charge, which is referenced in the Amended Complaint, even though it was not among the attachments to the Amended Complaint filed by plaintiff. *See Williams v. U.S.*, 50 F. 3d 299, 304 (4th Cir. 1995) ("In ruling on a Rule 12(b)(1) motion, the court may consider exhibits outside the pleadings."). *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in deciding a 12(b)(6) motion, the Court may

While a *pro se* litigant's pleadings are to be liberally construed, *Gordon*, 574 F.2d at 1151, the Court's jurisdiction is clearly delineated and a plaintiff's failure to exhaust his administrative remedies on a Title VII claim deprives this Court of jurisdiction over the claim. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Plaintiff's EEOC complaint alleges just one act of discriminatory treatment, occurring solely with the month of May, 2015, related to his application for employment with defendant for a Production Technician position. Plaintiff's complaint, on the other hand, pleads discriminatory treatment from conduct that began as early as June 2013, continued through at least February, 2016, and resulted in a wide range of injuries. Plaintiff in his complaint alleges a number of wrongs, including lack of training or rotation opportunities, failure to hire onto a permanent position, and "bad comments" made about him which negatively affected thousands of other employment applications. Because the complaint alleged injuries that were not raised before the EEOC, the Court finds that plaintiff failed to exhaust his administrative remedies for each of his claims except for his claim alleging discrimination when defendant did not hire him for permanent employment. Therefore, giving plaintiff's EEOC administrative charge and complaint their due construction, the Court has jurisdiction to review only his claim that he was discriminated against when defendant failed to hire him to a permanent position.

II.     Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

Having found that an employment relationship exists and that the Court has jurisdiction over plaintiff's claim for discriminatory treatment in failing to hire him for a permanent position, the Court turns to defendant's motion made under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

consider, in addition to the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Although the Court must construe the complaint of a *pro se* plaintiff liberally, such a complaint must still allege "facts sufficient to state all the elements of h[is] claim" in order to survive a motion to dismiss. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . national origin" or "to limit, segregated, or classify [] employees or applicants for employment in any way which would deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . national origin." 42 U.S.C. § 2000e-2(a).

To establish a case of disparate treatment as to failure to hire, plaintiff must demonstrate that (1) he is a member of a protected class; (2) his employer had an open position for which he

applied or sought to apply; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 959–60 (4th Cir. 1996) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994); *McNairn v. Sullivan*, 929 F.2d 974, 977 (4th Cir. 1991)).

Here, because of the Court's mandate to construe plaintiff's *pro se* complaint liberally, the Court interprets plaintiff's complaint to include a failure to hire claim before plaintiff left for Africa (which plaintiff terms a failure to "change to permanent") as well as a failure to hire claim upon his return from Africa. The Court will first address the failure to change to permanent claim. [DE 14, p. 3]. In this instance, plaintiff's claim fails in multiple ways. First, plaintiff has not demonstrated that there was an open position. Second, plaintiff has not demonstrated that he applied or sought to apply to a permanent position; the best the Court can discern from the complaint is that plaintiff wanted a permanent position. There is nothing in the complaint demonstrating he actually sought a permanent position in any active way. Finally, plaintiff has not demonstrated that he was qualified for any open position that may have existed. Plaintiff states he was the only employee with a higher degree but does not indicate if such level of education was necessary. Moreover, plaintiff does not demonstrate relevant background or experience in the field that would otherwise qualify him. For all these reasons, plaintiff's claim of discriminatory failure to hire initially must fail.

The Court now considers what it interprets as plaintiff's claim of discriminatory failure to hire upon his return from Africa. [DE 14, pp. 4–5]. First, the Court questions whether plaintiff has demonstrated that there were any open positions. Plaintiff states he applied and even interviewed with defendant, but nowhere does he state that there were actually any open

positions available, including his prior position. Second, nowhere does plaintiff demonstrate that he was qualified for these positions that may or may not have been open. The fact that plaintiff was assigned to the defendant as a contractor does not demonstrate he was qualified for some permanent position, and nor does the fact that he interviewed with or was in contact with managers demonstrate that there was an open position for which he was qualified. Without more, the Court is unable to even assess the circumstances under which plaintiff was interviewed and whether his failure to receive a position was the result of discrimination. Plaintiff's conclusory allegations cannot turn the routine process of being interviewed but not hired into an act of discrimination actionable under federal law without more facts that would indicate any sort of discriminatory motive on the part of defendant.

For these reasons, plaintiff has not sufficiently pled all of the necessary elements to support a claim of discriminatory treatment in applying for a permanent position with defendant either before or after his trip to Africa. Accordingly, even giving plaintiff's complaint the liberal reading it is due, the Court cannot find that plaintiff has stated a claim upon which relief can be granted as to discriminatory failure to hire, and the claim must be dismissed.

Finally, plaintiff submitted a motion for disqualification of the Honorable Terrence W. Boyle and for a re-hearing by another judge. [DE 36]. Plaintiff argues that the Honorable Terrence W. Boyle is biased against him because Judge Boyle allegedly decided the case based on plaintiff's "English speaking ability." *Id.* In support of this claim, plaintiff argues that Judge Boyle stated "How long we deal with?" during the hearing and did not give plaintiff a chance to use an interpreter. *Id.*

28 U.S.C. § 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Timeliness is an essential element" of

motions for recusal pursuant to 28 U.S.C. § 455(a). *United States v. Owens*, 902 F.2d 1154, 1155 (1990). Plaintiff's motion was filed 88 days after the September 1, 2016 hearing in which the alleged offending conduct took place. Plaintiff's motion is therefore untimely as it was not raised "at the earliest moment after knowledge of the facts" giving rise to the claim of bias. *Id.* at 1156. Moreover, judicial remarks made during the course of trial that are critical or even hostile to the parties do not support a bias or partiality challenge unless such remarks derive from an extrajudicial source and reveal such a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger . . . ." *Id.* The comment "How long we deal with?" cannot reasonably be construed as evidencing deep-seated favoritism or antagonism, and plaintiff's claim is therefore also without merit.

## CONCLUSION

For all the reasons above, defendant's motion to dismiss is GRANTED. [DE 21]. Plaintiff's motion for disqualification of Judge Terrence W. Boyle and re-hearing by another judge is DENIED. [DE 36]. The clerk is DIRECTED to close the case.

SO ORDERED, this 5 day of January, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE